WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>        Plaintiff,<br>v.<br>Abel Martinez-Valencia,<br>        Defendant. | CR 03-1186 TUC DCB<br><br>**AMENDED ORDER** |

## BOOKER AND AMELINE: RESENTENCING

The Court finds that had the Sentencing Guidelines been advisory at the time of Defendant's sentencing, it would not have imposed a materially different sentence than the one imposed on January 22, 2004. Resentencing is denied.

Procedural Overview of Sentence:

The Court sentenced Defendant Abel Martinez-Valencia on January 22, 2004, to 24 months imprisonment for violating 18 U.S.C. §§ 922(g)(5) and 924(a), possession of a firearm by an alien. The guideline range was 24 to 30 months based on a Total Offense Level 15 and a Criminal History Category III. (Presentence Report at 13.) The Court imposed a sentence at the low end of the guideline range, in accordance with the recommendation in the Presentence Report. (Presentence Report at 16.)

Defendant was sentenced pursuant to a plea of guilty that did not provide for a stipulated sentencing range or term of imprisonment. Defendant appealed the sentence on the same day it was imposed, January 22, 2004. On March 16, 2006, the Ninth Circuit Court of Appeals issued a Memorandum Decision and entered Judgment on April 12, 2006,

remanding the case and directing this Court to consider the Defendant's sentence in light of *United States v. Booker*, 125 S. Ct. 738 (1005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), and to *see also*: *United States v. Moreno-Hernandez*, 2005 WL 1560269 (9th Cir. July 5, 2005).

The remand did not identify any constitutional infirmity in the Court's calculation of the guideline range applicable for Defendant's sentence, which this Court made after careful consideration of the Presentence Report and a full hearing at the time of sentencing. Accordingly, the Court selected the applicable sentencing guideline range at the time of Defendant's sentencing on January 22, 2004. The Court does not need to revisit this calculation on remand.

Subsequent to remand, on April 26, 2006, the Court provided a deadline for the Defendant to opt-out of resentencing or file a brief addressing 18 U.S.C. § 3553(a) sentencing factors, which pre-*Booker* were largely overshadowed by now excised § 3553(b), which mandated that judges select a sentence within the applicable guideline range unless the statutory standard for a departure was met.

Defendant's Argument for Resentencing:

On May 22, 2006, Defendant's attorney filed a Response regarding this Court's instruction that Defendant should notify this Court if he opts-out of resentencing, pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) or file a resentencing brief. Defendant has completed his sentence, was released from prison, and deported. Defense counsel has been unsuccessful in determining the whereabouts of the Defendant and, therefore, is unable to determine whether or not Defendant wishes to opt-out of resentencing and Defendant would be unavailable for a resentencing hearing. The Defendant's attorney has not filed a resentencing brief addressing § 3553(a) sentencing factors.

The Court has reviewed the Presentence Report, with such factors in mind. Specifically, the Court has reviewed the nature and circumstances of the offense and the history and characteristics of the Defendant. Under the now advisory guideline scheme this Court may consider such relevant facts and circumstances to determine the defendant's sentence, regardless of whether those facts or circumstances are found by a jury or admitted by a defendant. *See Ameline*, 409 F.3d at 1077-78 ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.")

Conclusion:

The 24 month sentence imposed by the Court falls within the sentencing guideline range for the offense. In addition to considering the applicable guideline sentence in this case, the Court also considers the sentencing factors in § 3553(a). The Court finds that the sentence it imposed was sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection 18 U.S.C. § 3553(a). Specifically, it reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense; affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. The Court finds that, considering the applicable guideline range calculation as advisory, it would not have imposed a materially different sentence than the one imposed on January 22, 2004. This remains the Defendant's sentence. There is no reason to resentence the Defendant.

**Accordingly,**

**IT IS ORDERED** that the sentence, reflected in the Judgment and Commitment issued on January 22, 2004, remains the sentence in this case.

/////
/////
/////
/////

**IT IS FURTHER ORDERED** that resentencing having been denied by this Court, pursuant to the limited remand provisions set forth in *Ameline*, this Order is final and appealable.

DATED this 25th day of July, 2006.

David C. Bury
United States District Judge